UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| KIM WASHINGTON and FRANK WASHINGTON, | No. 2:10-cv-02130 MCE KJN |
| Plaintiffs, | |
| v. | MEMORANDUM AND ORDER |
| ALLSTATE INSURANCE COMPANY, and DOES 1 through 50, inclusive | |
| Defendants. | |

This action, originally filed in the Superior Court of California in and for the County of Sacramento, was removed by Defendant Allstate Insurance Company ("Defendant") to this Court on August 9, 2010. Plaintiffs Kim Washington and Frank Washington ("Plaintiffs") now move to remand the matter to state court pursuant to 28 U.S.C. § 1447(c) on grounds that Defendant's removal was untimely. For the reasons set forth below, Plaintiffs' Motion will be denied.

1

## BACKGROUND[1]

In June 2005, Kim Washington was injured in a motor vehicle accident. She brought an action against the third party driver, which was resolved by a policy limits settlement in the amount of $15,000. In early 2006, Plaintiffs initiated an underinsured motorist claim through Defendant, their own insurance provider. Between June 28, 2007, and March 20, 2009, Plaintiffs sent Defendant no fewer than five separate pieces of correspondence attempting to settle the claim in exchange for payment of the remaining $285,000 underinsured motorist limits. In a letter dated February 18, 2009, Plaintiffs' attorney stated that Ms. Washington likely incurred half a million dollars in lost wages and her medical bills would probably exceed $200,000. (Decl. of William C. Callaham in Supp. Of Pls.' Mot. for Remand, Ex 4.)

No settlement of Plaintiffs' underinsured motorist claim was ever achieved. The dispute was ultimately resolved by arbitration pursuant to California Insurance Code § 11580.2(f). On November 10, 2009 the arbitrator valued Plaintiffs' claim at $506,015. Defendant satisfied the award in full.

Plaintiffs subsequently filed the present action in state court alleging breach of contract and intentional infliction of emotional distress. Both causes of action are based on Defendant's alleged "bad faith" handling of Plaintiffs' underinsured motorist claim.

---

[1] The factual assertions in this section are based on the allegations in Plaintiffs' Complaint unless otherwise specified

Defendant was served a copy of the Complaint on June 10, 2010. (Notice of Removal, Ex. A.)

Plaintiffs' Complaint does not plead a specific amount for damages. On July 21, 2010, Defendant served Plaintiffs with Requests for Statements of Damages pursuant to California Code of Civil Procedure § 425.11. (Decl. of Michelle Bradley in Opp'n to Pls.' Mot. for Remand, Ex A.) Defendant was served with Plaintiffs' response on August 4, 2010, which stated each plaintiff was seeking $500,000 for emotional distress and $1 million in punitive damages. (Decl. of Michelle Bradley in Opp'n to Pls.' Mot. for Remand, Ex B.) On August 9, 2010, Defendant removed the case to this Court.

## STANDARD

A defendant may remove a civil action from state court to federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). A federal district court has original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and there is complete diversity between the parties. 28 U.S.C. § 1332.

28 U.S.C. § 1446(b) provides two thirty-day periods for removing a case. First, a Defendant may file a notice of removal within thirty days after receipt of the initial pleading in a state action where the pleading sets forth a removable claim. 28 U.S.C. § 1446(b). Whether the pleading sets forth a removable claim is determined by the "four corners of the applicable pleadings."

Harris v. Bankers Life & Cas. Co., 425 F.3d 686, 694 (9th Cir. 2005).  Second, where the grounds for removal are not evident in the initial pleading, the defendant may remove the case within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained."  Carvalho v. Equifax Info. Services, LLC, 2010 WL 3239477, *4 (9th Cir. Aug. 18, 2010) (internal quotations omitted) (quoting 28 U.S.C. § 1446(b)).  A plaintiff may move to have the case remanded where the defendant fails to remove the matter within the applicable thirty-day period.  Id.

## ANALYSIS

Plaintiffs raise two arguments supporting their contention that Defendant untimely removed the case.  First, Plaintiffs allege the face of the Complaint reveals that damages sought exceed the jurisdictional requirement.  Plaintiffs therefore claim that Defendant was required to remove the case within thirty days of receiving the Complaint.[2]  Second, Plaintiffs argue that even if the second thirty-day period applies, the period began at the time Defendant was served a copy of the Complaint because Defendant previously received "other papers" providing notice that the case was removable.

---

[2] Plaintiffs actually argue that the thirty-day period began when Plaintiffs filed the Complaint.  Plaintiffs have misread 28 U.S.C. § 1446(b), which specifically states that the thirty-day period begins "after receipt by the defendant, through service or otherwise."  For purposes of this Order, this Court will assume Plaintiffs intended to argue that Defendant had notice upon being served with a copy of the Complaint.

4

1 According to Plaintiffs, because Defendant failed to remove the
2 case within thirty days of receipt of the Complaint, removal was
3 untimely.  Defendant claims removal was proper because it first
4 ascertained removability on August 4, 2010, and the matter was
5 removed within thirty days of that date.

6      Turning to Plaintiffs' first argument, they assert that
7 because Defendant was served a copy of the Complaint on June 10,
8 2010, and because the case was not removed until more than thirty
9 days later, the court should reject the matter as untimely
10 removed.  This argument is predicated on Plaintiffs' contention
11 that the face of the Complaint disclosed that the matter was
12 removable.

13      For the first thirty-day period to begin, "the ground for
14 removal must be revealed affirmatively in the initial pleading."
15 Harris, 425 F.3d at. 695.  The Ninth Circuit adopted this bright
16 line approach to "avoid the spectre of inevitable collateral
17 litigation over...whether defendant had subjective knowledge, or
18 whether defendant conducted sufficient inquiry."  Carvalho, 2010
19 WL 3239477 at *5 (quoting Harris, 425 F.3d at 697).  The court in
20 Harris, 425 F.3d at 698, explained that this approach "guards
21 against premature and protective removals and minimizes the
22 potential for a cottage industry of removal litigation."

23      In the present matter, Plaintiffs failed to affirmatively
24 reveal that the case was removable within the four corners of the
25 Complaint.  No where in the Complaint do Plaintiffs plead a
26 specific amount for damages.
27 ///
28 ///

5

In alleging special damages, general damages, punitive damages, and attorney's fees, the Complaint states that damages are to be determined according to proof or by the finder of fact.  This level of pleading is inadequate to provide a defendant with notice that the amount in controversy is greater than that mandated by 28 U.S.C. § 1332.  To hold otherwise would require defendants to speculate as to the amount of damages sought and would encourage early removals.  This Court refuses to rule in a manner that would contravene the policies supporting the bright line rule promulgated in <u>Harris</u>.  Accordingly, the first thirty-day period was not triggered.

Plaintiffs' other argument is that the second thirty-day period was triggered by Defendant's receipt of the Complaint because "other papers" received by Defendant prior to service of the Complaint provided notice that the case was removable.  As previously stated, removal is proper where the defendant files a notice of removal within thirty days of receiving "an amended pleading, motion, order or other paper" from which it can be first ascertained that the matter is removable.  28 U.S.C. § 1446(b).  Plaintiffs assert that the various correspondence sent to Defendant in relation to the underinsured motorist claim were "other papers" sufficient to inform Defendant that the case was removable.  According to Plaintiffs, Defendant should consequently have ascertained that the case was removable at the time service of the Complaint was effected based on its prior receipt of such correspondence.

///

///

1  Again, because Defendant's Notice of Removal was not filed until
2  more than thirty days after receipt of the Complaint, Plaintiffs
3  maintain that removal here was untimely.
4      Defendant disagrees with Plaintiffs' contention that the
5  correspondence contained sufficient information to put it on
6  notice that the case was removable.  Defendant argues that all
7  references to damages in the correspondence pertained solely to
8  damages resulting from the underlying car accident, not damages
9  arising from Defendant's alleged bad faith handling of the
10 underinsured motorist claim.  Consequently, Defendant contends
11 removability of the present matter was first ascertained when it
12 received Plaintiffs' Statement of Damages.
13     This Court need not determine what the correspondence did or
14 did not contain.  In a recent case not cited by either party, the
15 Ninth Circuit unequivocally found that a document received prior
16 to the receipt of the initial pleading cannot trigger the second
17 thirty-day period.  <u>Carvalho</u>, 2010 WL 3239477, *4.  Here, all
18 correspondence at issue was received by Defendant prior to
19 June 10, 2010, the day service of the Complaint was effected.
20 That correspondence consequently could not have triggered the
21 second thirty-day removal period.  <u>Carvalho</u> is squarely on point.
22     Because receipt of the Complaint did not trigger either
23 thirty-day period, Defendant had thirty days to remove the case
24 from the time it first ascertained removability.  It was not
25 until August 4, 2010, the date Defendant received Plaintiffs'
26 Statement of Damages, that Defendant was put on notice that the
27 amount in controversy exceeded the jurisdictional minimum.
28 ///

7

Accordingly, Defendant had thirty days from August 4, 2010 to remove the case.  Notice of Removal was filed on August 11, 2010, easily within the thirty-day window.  Defendant's removal was timely.

## CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Remand (ECF No. 7) is DENIED.[3]

IT IS SO ORDERED.

Dated: October 19, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefing.  E.D. Local Rule 230(g).

8